**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES HAYES, et al., )<br>    )<br>        Plaintiffs, )<br>    ) Civil Action No. 06-234 Erie<br>    v. )<br>    )<br>ERIE COUNTY OFFICE OF CHILDREN )<br>AND YOUTH, et al., )<br>    )<br>        Defendants. ) | |

**AMENDED ORDER**

AND NOW, *to wit*, this 5th day of July, 2007, upon *sua sponte* reconsideration of this Court's previous Memorandum Opinion and Order entered on June 29, 2007,[1] the Court reaffirms its prior ruling

---

[1] In our Memorandum Opinion accompanying the June 29, 2007 Order, this Court included the following language in the section outlining our standard of review:

> [Fed.R.Civ.P. 12(b)(6)] seeks to screen out claims for which there is clearly no remedy or which the plaintiff has no right to assert; thus, a complaint should not be dismissed under the rule "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." K.J. ex rel. Lowry v. Division of Youth and Family Services, 363 F. Supp. 2d 728, 737-38 (D.N.J. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

(Mem. Op. dated 6/29/07 [12] at p. 2.) In Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S. Ct. 1955 (2007), the Supreme Court wrote that this quoted language from Conley "has been questioned, criticized, and explained away long enough" to have "earned its retirement." 127 S. Ct. at 1969.

The Supreme Court in Twombly also reiterated the well-accepted standards for reviewing a complaint challenged under Rule 12(b)(6), although its discussion came in the context of a Section 1 Sherman Act claim:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),[ ] on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827,

and, accordingly, for the reasons previously set forth in said Memorandum Opinion, as amended herein,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Complaint [3] is GRANTED in part and DENIED in part as follows:

1. Defendants' motion to dismiss is GRANTED with respect to Plaintiffs' claim under 42 U.S.C. § 1983 for the alleged violation of Brittany Legler's Fourteenth Amendment substantive due process rights insofar as said claim is premised upon a "special relationship" theory;

2. Defendants' motion is GRANTED as to Plaintiffs' prayer for punitive damages insofar as it relates to Plaintiffs' § 1983 claims against OCY and the individual Defendants in their official capacities;

3. Defendants' motion is GRANTED with respect to Counts 3 and 4 of the Complaint, which are founded on state law claims of negligence *per se* and gross negligence, respectively; and

4. In all other respects, Defendants' motion to dismiss is DENIED.


                    s/     Sean J. McLaughlin

                          SEAN J. McLAUGHLIN
                          United States District Judge

cm:   All counsel of record.

---

104 L.Ed.2d 338 (1989) (" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

127 S. Ct. at 1965-66 (internal footnote omitted).

To the extent that our June 29 Memorandum Opinion incorporates language from Conley v. Gibson, which has been abrogated or overruled by Twombly, *supra*, said language is to be stricken from the Memorandum Opinion. Moreover, applying the well-accepted standard for judging the adequacy of a pleading under Fed.R.Civ.P. 12(b)(6) as set forth in Twombly, 127 S. Ct. at 1965-66, the Court hereby reaffirms its ruling as set forth in the June 29, 2007 Order granting in part and denying in part the Defendants' motion to dismiss the complaint.